MOON v. LAKE SHORE MOVING & STORAGE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8451.   Decided Mar. 26, 1928.

Ferneding, PJ., Kunkle and Allread, JJ., of the 2nd Dist., sitting.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

123.   BAILMENTS — 1109.   Storage — 1252. Warehouse.

Where warehouseman has exercised due diligence to notify owner that goods are to be sold to pay storage charges, he is not liable because of failure of owner to receive such notice.

Error to Common Pleas.
Judgment affirmed.

Arthur P. Gustafson and Louis Fernberg, Cleveland, for Moon.

Quigley & Byrnes, Cleveland, for Storage Co.

### FULL TEXT.

BY THE COURT.

The plaintiff, Lillie Moon, brought a suit to recover the value of certain goods deposited with the Storage Company.

The answer of the Storage Company admits the receipt of the goods, but alleges that the plaintiff's became in default for the payment of the storage of said goods and that they notified her at several places that she had given in her previous receipts. The letters were returned to them and they thereupon sold the goods for a sum equal to the storage plus $2.12. They admitted liability in the sum of $2.12.

Upon the trial it was averred that she also gave her home address at 694 East 152nd Street, Cleveland, Ohio, where her husband remained during the time that she was travelling and that if a letter had been sent to him it would have been received by her.

It appears that the home address was given on the contract of storage and stricken out by someone, and someone had drawn a pencil mark through the above address and had written in pencil the name of Brownsville, Pa.

The trial court submitted to the jury the question of due diligence on the part of the defendant in the matter of giving the plaintiff notice and charged the jury that if they exercised due diligence they would not be responsible after a sale of the goods. The jury returned a verdict in favor of the plaintiff for the amount admitted by the defendant.

Under these circumstances we are of the opinion that the evidence is sufficient to show no liability beyond the liability admitted by the defendant and the judgment should, therefore, be affirmed.

(Ferneding, PJ., Kunkle and Allread, JJ., concur.)